UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 19-4972 PSG (KSx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Adriana Rubalcaba v. Arthur Gallagher & Co., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand

    Before the Court is a motion to remand filed by Plaintiff Adriana Rubalcaba ("Plaintiff"). *See* Dkt. # 14 ("*Mot.*"). Defendants Arthur Gallagher & Co. and Alexandra Glickman ("Defendants"), have opposed this motion, *see* Dkt. # 18 ("*Opp.*") and Plaintiff did not file a reply. The Court has also considered Plaintiffs' response to its June 27, 2019 order to show cause, *see* Dkt. # 16 ("*OSC Response*"), and Defendants' reply to that response, *see* Dkt. # 17 ("*OSC Reply*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion to remand.[1]

I.    Background

    On May 1, 2019, Plaintiff filed this case in Los Angeles Superior Court against Defendants Arthur Gallagher & Co. ("Arthur Gallagher") and Alexandra Glickman ("Glickman"). *See Complaint*, Dkt. # 1-1 (*"Compl."*). It is undisputed that Plaintiff and Glickman are both citizens of California, and that Arthur Gallagher is a citizen of Delaware and Illinois. *See Notice of Removal*, Dkt. # 1 (*"NOR"*), ¶¶ 9–19. Plaintiff alleged fifteen causes of action against Arthur Gallagher, four of which she also alleged against Glickman, related to Defendants' alleged wrongful termination, discrimination against, and harassment of Plaintiff. *See id.* On June 7, 2019, Arthur Gallagher removed the action to this Court on the grounds of diversity jurisdiction. *See id.* Though both Plaintiff and Glickman are citizens of California, and therefore there does not appear to be complete diversity between the parties, Arthur Gallagher

---

[1] Because the Court grants Plaintiff's motion to remand, Defendants' motion to dismiss is **RENDERED MOOT**. *See* Dkt. # 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4972 PSG (KSx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Adriana Rubalcaba v. Arthur Gallagher & Co., et al. | | |

argues that Glickman is "sham" defendant and therefore her citizenship should be disregarded for the purposes of establishing diversity jurisdiction. *See id.* ¶ 13.

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

When a defendant has been fraudulently joined for the purpose of destroying diversity or removal jurisdiction, the court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Furthermore, because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent must resolve all material ambiguities in state law and disputed questions of fact in the plaintiff's favor. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012); *Salkin v. United Serv. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). Thus, there is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See Salkin*, 767 F. Supp. 2d at 1065.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4972 PSG (KSx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Adriana Rubalcaba v. Arthur Gallagher & Co., et al. | | |

III. Discussion

    A.    Motion to Remand

Here, Plaintiff brings four causes of action against Glickman: (1) harassment on the basis of disability under California's Fair Employment and Housing Act ("FEHA"); (2) aiding, abetting, inciting, compelling, or coercing acts forbidden by FEHA; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. *Compl.* ¶¶ 48–54, 96–104, 121–139. In order to properly remove the case, Defendants must show that Plaintiff cannot state a claim on any of the causes of action against Glickman, the in-state defendant. *See Mireles*, 845 F. Supp. 2d at 1062; *Salkin*, 767 F. Supp. 2d at 1065. Ultimately, the Court only discusses the FEHA disability harassment claim because it finds the claim dispositive.

Arthur Gallagher asserts that Plaintiff fraudulently joined Glickman in order to defeat removal jurisdiction. *See NOR* ¶ 30. Specifically, Arthur Gallagher asserts that Glickman cannot be held liable for the alleged claims, in part because Plaintiff's disability harassment cause of action under the FEHA is time-barred. *See OSC Reply*, 6:7–6:22. Plaintiff counters that the claim is not time-barred, because it is possible that Glickman's alleged harassment occurred within the complaint period. *See OSC Response*, 12:2–12:3. Further, Plaintiff contends that Defendants fail to demonstrate that there is no possibility that she could prevail on any cause of action against the non-diverse defendant. *See id.* 11:19–11:23. The Court addresses each issue in turn.

        *i.*    *Exhaustion of Administrative Remedies*

To file a lawsuit under the FEHA, a plaintiff must first file an administrative complaint with the Department of Fair Employment and Housing ("DFEH") within one year of the date of the alleged unlawful conduct. Cal. Gov. Code § 12960(d); *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996). Where a plaintiff does not properly exhaust her administrative remedies, the court lacks jurisdiction over a corresponding civil claim for violation of the FEHA. *Id.*; *see also Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994). If the defendant's conduct does not fall within the one-year period, the plaintiff has failed to properly exhaust their administrative remedies, and the court lacks jurisdiction over the claim. *Romano*, 14 Cal. 4th at 492.

Here, it is possible that Plaintiff has met the requirement to exhaust her administrative remedies against Glickman because Arthur Gallagher employed Plaintiff for almost one month

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4972 PSG (KSx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Adriana Rubalcaba v. Arthur Gallagher & Co., et al. | | |

during the complaint period. *See OSC Response* 12:2–12:3. Plaintiff received her FEHA right to sue letter on April 4, 2019, which allows her to bring claims against Glickman for conduct that occurred after April 4, 2018. *Compl.* ¶ 4. Plaintiff worked at Arthur Gallagher until May 2, 2018. *MTD* 2:24–2:25. Although Defendants point out that Plaintiff took a medical leave of absence from February 12, 2018 until her termination, Plaintiff alleges in her complaint that she spoke with Glickman while on leave. *Compl.* ¶ 25. This alleged correspondence makes it possible that Glickman engaged in unlawful conduct against Plaintiff between April 4 and May 2, which would fall during the complaint period.

### ii. *Defendants' Burden to Foreclose Any Possible Claim*

To establish fraudulent joinder, defendants must do more than show that the complaint fails to state a claim against the non-diverse defendant. They must also show "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). A defendant is not fraudulently joined "simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Id.* The case must be remanded unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* For example, the court in *Padilla* remanded a case alleging FEHA violations against both an in-state supervisor and out-of-state employer. *Id.* at 1160. There, the defendants could not demonstrate fraudulent joinder and thus improperly removed the case because they failed to show both that there was "no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that the plaintiff could not amend her pleadings to allege a potentially successful cause of action. *Id.*

Here, even if Plaintiff did not plead facts sufficient allege that she exhausted her administrative remedies, Defendants have not established that Plaintiff could not amend her complaint to do so. Glickman supervised Plaintiff and therefore played an important role in her termination. *See generally Compl.* As such, the Court finds that Defendants have not met their heavy burden of rebutting the general presumption that the joinder is not fraudulent.

### B. Attorneys' Fees

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4972 PSG (KSx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Adriana Rubalcaba v. Arthur Gallagher & Co., et al. | | |

courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiffs' request for attorneys' fees is denied because the Court does not find that removal was objectively unreasonable. Although the Court holds that Defendants' removal was improper, the decision to remand is more of a reflection on the Defendants' heavy burden to demonstrate fraudulent joinder at the pleading stage than the merits of Plaintiff's case against Glickman. *See Salkin*, 767 F. Supp. 2d at 1065.

IV.   Conclusion

For the foregoing reasons, the Court concludes that Defendants improperly removed this case and that, consequently, the Court lacks jurisdiction. Accordingly, the case is **REMANDED** to Los Angeles Superior Court (No. 19STCV15273).

**IT IS SO ORDERED.**